TERRELL, Justice.
January 18, 1963, the City of Daytona Beach filed its petition in the circuit court to validate special obligation certificates proposed pursuant to Ordinance No. 63-4, adopted January 16, 1963, entitled:
“AN ORDINANCE PROVIDING FOR THE ISSUANCE OF SPECIAL OBLIGATION CERTIFICATES OF THE CITY OF DAYTONA BEACH FOR PAYING THE COST OF CONSTRUCTING, ACQUIRING, EXTENDING OR ENLARGING CAPITAL IMPROVEMENTS: PROVIDING THAT SUCH CERTIFICATES SHALL NOT CONSTITUTE A DEBT OF THE CITY OR A PLEDGE OF ITS FAITH AND CREDIT BUT SHALL BE PAYABLE SOLELY FROM THE SPECIAL FUND PROVIDED THEREFOR FROM FRANCHISE REVENUES, THE UTILITIES SERVICE TAX AND THE CIGARETTE TAX, SUBJECT TO PRIOR PLEDGES THEREOF; AND DECLARING THIS ORDINANCE TO BE AN EMERGENCY MEASURE.”
Said Ordinance No. 63-4 was duly amended on February 6, 1963, by the adoption of Ordinance No. 63-16. February 11, 1963, the state attorney in and for the Seventh Judicial Circuit answered the petition and on February 21, 1963, appellants, citizens and taxpayers, moved that they be permitted to intervene and contest the validity of the proposed special assessment obligation certificates. On the same date, the appellant intervenors filed their joint motion to dismiss the validation petition. February 22, 1963, pursuant to § 75.07, Florida Statutes, F.S.A., and other applicable laws, appellants were granted permission to intervene and the court also took testimony and heard argument from the intervenors on their motion to dismiss. The hearing was continued to March 15, 1963. In the meantime the City of Daytona Beach adopted. Resolution 63^-2, Resolution 63-43, Resolution 63-44 and Resolution 63-45, the purpose of which was to implement the original and amended ordinance for incurring the special obligation certificates of the City of Daytona Beach. On March 15, 1963, pursuant to order of court the city filed its amended petition for validation to reflect the amendatory ordinance and resolutions and to specify the purpose for which the funds derived from the sale of the certificates were to be spent. Said amended petition discloses that the City Commission of Daytona Beach had determined that it was necessary to acquire, construct, extend and enlarge certain capital improvements including storm sewers, street improvements, water extensions and sewer extension and that for this purpose the city proposed to issue $600,000 in “Special Obligation Capital Improvement Certificates (Series 1963).”
March 27, 1963, the intervenors filed interrogatories which generally attempted to elicit the nature of the expenditures set forth in Ordinance 63-4 as amended by Ordinance 63-16 and Resolutions 63-42, 63-43, 63-44 and 63-45. April 8, 1963, the City of Daytona Beach filed objections to certain of the interrogatories which dealt with the use of public funds for the benefit of a private company, known as General Electric Company.
*134 April 11, 1963, appellee, City of Daytona Beach, filed answers to certain of said interrogatories, dealing with the authority of the City of Daytona Beach to issue the special obligation certificates. April 19, 1963, the parties hereto submitted testimony on the issues so made and presented final arguments in the cause, after which the court entered a final decree validating the special obligation certificates, Series of 1963, of the City of Daytona Beach. This appeal is from the final decree so entered.
The parties are at variance as to the type of questions that emerge from the pleadings and as to the manner in which the questions should be treated.
We think the first question which may reasonably be drawn from the issues challenges the authority of the City of Daytona Beach to issue the special obligation certificates now sought to be validated.
The petition and the ordinance which is attached to it clearly authorize the city to issue the special obligation certificates. Section 8 of Chapter 19768, Special Acts of 1939, as amended by Section 1, Chapter 29010, Special Acts of 1953, relating to the City of Daytona Beach, among other things, provides:
“ * * * to issue and sell bonds for any of the purposes herein enumerated, * * * and may issue bonds for such other municipal purposes as may be from time to time prescribed by ordinance * *
In addition to the foregoing, consider Section 21 of Chapter 19768, Special Acts of 1939, in connection with § 169.02, Florida Statutes, F.S.A., which reads as follows:
“The city or town council may issue bonds bearing such rates of interest as may be deemed best by the council, not exceeding the legal rate of interest in this state, whenever it may be necessary for the purpose of building or repairing the public works of the city, the widening and extension of streets or parks, payment of existing indebtedness of the city, or any other municipal purpose.”
It seems to us that when these acts are read together the city has ample authority to issue the special obligation certificates sought to be validated. See oalso State v. Miami Shores Village, Fla.1952, 60 So.2d 541, opinion by Mr. Justice Roberts, involving the same statutes relied on here and facts very similar. We think this case concludes the answer to question one contrary to the contention of appellants.
It is next contended that the City of Daytona Beach is not authorized to extend its water and sewer systems for the purpose of serving industries located within the city.
Appellants apparently rely on City of Daytona Beach v. King, 132 Fla. 273, 181 So. 1, and State v. Town of North Miami, Fla.1952, 59 So.2d 779, to support their contention as to this question. We have examined these cases and find nothing in them to support appellants’ contention.
The gist of appellants’ contention appears to be that the City of Daytona Beach is devoid of power to furnish light, water or other municipal services to a private corporation which contemplates entering the city for the purpose of constructing an industrial facility. What we said in answer to question one answers this question.
We do not overlook the fact that under Ordinance 63-4, providing for the issue of these special obligation certificates, they do not constitute a debt of the city or a pledge of its faith and credit but shall be payable solely from the special fund provided therefor from franchise revenues, the utilities service tax and the cigarette tax, subject to prior pledges thereof.
The ordinance provides for the creation of a special fund designated Daytona Beach 1963, Special Obligation Capital Improvement Certificate Interest and Sinking Fund which is charged with payment of principal and interest of all certificates issued under the ordinance and for deposit to the credit of said special fund in each *135 fiscal year of sufficient amounts from each fund hound for the payment of these certificates. We must assume that the city officials will do their duty under this ordinance. At least it is not made to appear that in issuing these special obligation certificates they have not followed every requirement of the law and the Constitution of Florida.
We find no merit to either question so the final decree of the chancellor is affirmed.
Affirmed.
DREW, C. J., and THOMAS, O’CONNELL and CALDWELL, JJ., concur.